<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SAMEERAH HENDERSON**<br><br>Plaintiff,<br><br>v.<br><br>**KESSLER INSTITUTE FOR REHABILITATION, a Select Medical Company,**<br><br>Defendant. | **Civil Action No. 16-1093 (ES) (JAD)**<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court by way of *pro se* Plaintiff Sameerah Henderson's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.E. No. 1-1). Having considered Plaintiff's application, the Court concludes that Plaintiff has adequately established that her financial condition renders payment of the $400 filing fee a hardship. As such, the Court directs the Clerk of the Court to file the Complaint without pre-payment of the filing fees or security. 28 U.S.C. § 1915(a).

Nevertheless, after a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28 U.S.C. § 1915, the court must then "screen" the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Having thoroughly reviewed Plaintiffs' Complaint, the Court *sua sponte* dismisses Plaintiff's Complaint for lack of subject matter jurisdiction. Federal Courts are courts of limited jurisdiction. According to the Supreme Court:

> [t]he district courts of the United States, as we have said many times, are "courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute," *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).  In order to provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction in federal-question cases-civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. In order to provide a neutral forum for what have come to be known as diversity cases, Congress also has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens.  § 1332.
>
> To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $ 75,000. § 1332(a).

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

Here, Plaintiff does not establish a basis for this Court's jurisdiction.  Indeed, Plaintiff alleges that she was wrongfully terminated.  (D.E. No. 1, Complaint at 4).  Plaintiff does not allege that this cause of action arises under the Constitution, laws, or treaties of the United States—as to confer federal question jurisdiction pursuant to 28 U.S.C. § 1331.   Moreover, Plaintiff and Defendant both appear to be citizens of New Jersey, thus defeating diversity of citizenship pursuant to 28 U.S.C. § 1332.

Accordingly, the Court dismisses the Complaint for lack of subject matter jurisdiction.  Plaintiff may file an amended complaint—that properly establisher subject matter jurisdiction, within forty-five (45) days of the date of this Opinion and accompanying Order.

s/*Esther Salas*  
**Esther Salas, U.S.D.J.**
